UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE

FILED
2015 MAY 15 PM 2:53
U.S. DISTRICT COURT
MIDDLE DISTRICT OF TN

CRAIG CUNNINGHAM, Pro-se )
                                                                    )
    *Plaintiff*                                      )
                                                          ) CIVIL ACTION NO.:
v.                                                           )
                                                          )
Palmer Administrative Services, Inc. Dba Liberty Automotive Protection, Michael Shaftel, John/Jane Does 1-5            )

    *Defendants.*

### Plaintiff's Original complaint

1. The Plaintiff in this case is Craig Cunningham, a natural person and was resident of Davidson County at all times relevant to the complaint, and currently has a mailing address of 5543 Edmondson Pike, ste 248, Nashville, TN 37211

2. Upon information and belief, Palmer Administrative Services, Inc., is a New Jersey Corporation that is using the trademark and business name of Liberty Automotive Protection to sell extended warranty services for cars and they are operating from 343 Sunset Ave, Ocean NJ 07712. Their registered agent is Registered Agents Legal Services, LLC 11013 Centre Road, ste 403S, Wilmington DE 19805.

3. Michael Shaftel is a natural person and officer of Palmer Administrative Services, Inc., and can be served at 343 Sunset Ave, Ocean NJ 07712 or via Registered agents Legal Services, LLC 11013 Centre Road Ste 403S, Wilmington DE 19805.

### Jurisdiction

4. Jurisdiction of this court arises as the acts happened in this county.

5. Venue in this District is proper in that the defendants transact business here, and the acts and transactions occurred here. Personal jurisdiction is apparent as the defendants are making calls to the state of Tennessee for the purpose of soliciting Tennessee residents to refinance their student loans.

## FACTUAL ALLEGATIONS

6. In 2015, the Plaintiff received multiple automated phone calls to the Plaintiff's phone which were not related to any emergency purpose and without the Plaintiff's consent. The calls were from 732-807-5611 among other numbers that were used and the Plaintiff later discovered through conversations that the calls were coming from the Defendants, Palmer Administrative Services Inc., DBA Liberty Automotive protection and is part of an old scam of selling overpriced extended car warranties using automated calls.

7. In this case, the defendants were seeking an upfront payment of over $2,000, which could be financed at an additional cost to give a 3 year, 50,000 mile warranty on the Plaintiff's 2003 Ford Taraus, which is more than the replacement cost for an equivalent vehicle.

8. The Defendants have a regular practice of using automated calls with pre-recorded messages to call consumers, including the Plaintiff and they have called multiple times. The pre-recorded messages did not identify the company making the calls, in violation of 47 USC 227(c)(5) as codified by 47 CFR 64.12000 which requires pre-recorded messages to state the identity of the calling party, and to maintain a do not call list and train employees on the use of a do not

call list.

9. By placing automated telemarketing calls, the defendants violated 47 USC 227(b).

10. By placing calls with pre-recorded messages, the defendants violated 47 USC 227(b).

11. The Plaintiff alleges that all violations were willful violations of the TCPA. Additionally, the officers of the company are liable for these calls as they know they are violating the TCPA and have had numerous consumer complaints in the past, yet the continue to engage in these illegal practices. The company officers are the driving force for these TCPA violations.

12. The violations of 47 USC 227(b) entitles the Plaintiff to recover $1500 per call and the violations of 47 USC 227(c)(5) entitles the Plaintiff to recover an additional $1500 per call for a total of $3,000 per call.

13. The defendants are defined as "Sellers" under the TCPA and are liable as well for calls placed on their behalf as their products/services are being offered during the calls.

14. The calls violated the TCPA due to the defendant's failure to maintain a Do not call list, failure to train the agents on the use of a do not call list, pursuant to 47 USC 227 (c)(5) as codified by the FCC's 47 CFR 64.1200(d)(4). These are a separate category of violations entitling the Plaintiff to an additional $1500 per call. In total, the Plaintiff is entitled to recover $3000 per call.

## CAUSES OF ACTION:

### COUNT I

**Violations of the Telephone Consumer Protection Act (TCPA)**

15. Plaintiff Cunningham incorporates by reference all of the above paragraphs of this complaint as though fully stated herein.

16. The foregoing actions by the Defendants constitute multiple breaches of the TCPA by placing unsolicited automated calls to the Plaintiff's cell phone. These calls violated the TCPA, 47 USC 227(c)(5) as they failed to maintain a do not call list and train their agents on the use of it.

## COUNT II

### Violations of the Telephone Consumer Protection Act (TCPA)

17. Plaintiff Cunningham incorporates by reference all of the above paragraphs of this complaint as though fully stated herein.

18. The foregoing actions by the Defendants constitute multiple breaches of the TCPA by placing automated calls without an emergency purpose to the Plaintiff's phone. These calls violated 47 USC 227(b)

### PRAYER FOR DAMAGES AND RELIEFS

A. WHEREFORE, Plaintiff, Cunningham, respectfully prays and requests that judgment be entered against Defendants

B. Statutory damages of $3000 for each phone call

C. Pre-judgment interest from the date of the phone calls.

D. Punitive Damages in the amount of $15,000

E. Attorney's fees for bringing this action as incurred; and

F. Costs of bringing this action; and

G. For such other and further relief as the Court may deem just and proper

Respectfully submitted    May 15, 2015

Craig Cunningham

Plaintiff, Pro-se

Mailing address:

5543 Edmondson Pike, ste 248

Nashville, tn 37211

615-348-1977