IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| CRAIG CUNNINGHAM, ) | |
| ) | Case No. 3:15-cv-00566 |
| Plaintiff, ) | |
| ) | Judge Campbell |
| v. ) | |
| ) | Magistrate Judge Bryant |
| PALMER ADMINISTRATIVE SERVICES, INC., ) | |
| ET AL., ) | |
| ) | |
| Defendants. ) | |

**DEFENDANTS' MEMORANDUM IN SUPPORT OF THEIR MOTION
TO DISMISS THE SECOND AMENDED COMPLAINT AS TO DEFENDANT
MICHAEL SHAFTEL AND TO STRIKE PLAINTIFF'S CLAIMS FOR
ATTORNEYS' FEES AND PUNITIVE DAMAGES**

Defendants Palmer Administrative Services, Inc. ("PAS") and Michael Shaftel ("Shaftel") (collectively, the "Defendants"), by counsel, pursuant to Rules 12(b)(6) and 12(f) of the Federal Rules of Civil Procedure, submit this Memorandum in Support of their Motion to Dismiss the Second Amended Complaint as to Defendant Michael Shaftel and to Strike Plaintiff's Claims for Attorneys' Fees and Punitive Damages.

**INTRODUCTION**

Plaintiff Craig Cunningham ("Plaintiff") is a *pro se* party who has filed at least thirty-six (36) lawsuits in this District alone. Plaintiff filed his initial pleading in this matter (which he entitled the "Original Complaint") on May 15, 2015 (ECF No. 1) against PAS and Michael Shaftel ("Shaftel"), individually. The Original Complaint alleged violations of, among other things, the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227(c). As described in further detail below, since filing his Original Complaint, Plaintiff has amended that initial

pleading five times. On February 2, 2016, Plaintiff filed a *fourth* "Second Amended Complaint" (ECF No. 44) (hereinafter referred to as the "Fourth-Filed SAC").

Plaintiff's Fourth-Filed SAC is deficient in several respects. First, it inappropriately seeks to hold Defendant Shaftel personally liable under the TCPA as an officer of the alleged calling party, PAS. Additionally, the Fourth-Filed SAC's prayer for relief seeks both attorneys' fees and punitive damages – neither of which are available under the TCPA.

Because of the deficiencies in the Fourth-Filed SAC, and because Plaintiff is not a typical *pro se* plaintiff, the Fourth-Filed SAC should be dismissed in its entirety with prejudice as to Defendant Shaftel. Moreover, this Court should strike Plaintiff's claim for attorneys' fees and punitive damages and grant such other and further relief as this Court deems just and proper.

## RELEVANT PROCEDURAL BACKGROUND

On July 2, 2015, Plaintiff filed his Amended Complaint, which eliminated one claim and various factual allegations, but maintained the TCPA claims against both Defendants and his requests for attorneys' fees and punitive damages. *See* ECF No. 15. Nearly three weeks later, Plaintiff filed a belated Motion for Leave to Amend the Original Complaint (ECF No. 16, filed Jul. 21, 2015), which the Court granted on July 22, 2015. ECF Nos. 17, 19.

Defendants PAS and Shaftel subsequently filed a Motion to Dismiss the Amended Complaint, or in the Alternative, to Strike Plaintiff's Claims for Attorneys' Fees and Punitive Damages on July 31, 2015 (the "Motion to Dismiss") (ECF No. 23), in which they sought dismissal of the claims against both of them on several grounds including, among other things, Plaintiff's failure to plead to the standards articulated in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007). *See* ECF Nos. 23-24.

2

On August 17, 2015, unaccompanied by any request for leave of Court, Plaintiff filed his Second Amended Complaint (the "First-Filed SAC"). ECF No. 26. On August 31, 2015, Defendants filed a Motion to Strike Plaintiff's Second Amended Complaint or, in the Alternative, to Strike Demand for Attorneys' Fees and Punitive Damages (ECF No. 31) ("First Motion to Strike"), and Memorandum in Support Thereof (ECF No. 32), both of which are expressly incorporated by reference herein.

On September 4, 2015, Plaintiff filed *another* "Second Amended Complaint" (ECF No. 33) (hereinafter referred to as the "Second-Filed SAC"), which was substantively identical to the First-Filed SAC, but this time signed by Plaintiff. No motion for leave to amend was submitted in connection with the Second-Filed SAC. On September 17, 2015, Plaintiff filed a Motion for Leave to Amend (ECF No. 34) to which he attached a *third* Second Amended Complaint (the "Third-Filed SAC") (ECF No. 34-1).

On September 28, 2015, Defendants filed a Motion to Strike Plaintiff's Second-Filed Second Amended Complaint or, in the Alternative, to Strike Demand for Attorneys' Fees and Punitive Damages (ECF No. 36) ("Second Motion to Strike"), which is also expressly incorporated by reference herein. On October 5, 2015, Defendants filed a Response in Opposition to Plaintiff's Motion for Leave to Amend. ECF No. 37.

On February 2, 2016, this Court granted Plaintiff's Motion for Leave to Amend Complaint (ECF No. 39) and, on the same date, Plaintiff filed the Fourth-Filed SAC (ECF No. 44). Also on February 2, 2016, the Court issued Orders finding as moot Defendants' Motion to Dismiss (ECF No. 23), First Motion to Strike (ECF No. 31), and Second Motion to Strike (ECF No. 36).

# STATEMENT OF FACTS

1. Plaintiff alleges that in 2015 he received "multiple automated phone calls" from PAS, doing business as "Liberty Automotive Protection," to his phone marketing an automobile warranty. Compl. ¶¶ 3, 8.

2. Plaintiff alleges that calls were made to his telephone number, which was used as both a residential and cellular number. Compl. ¶ 8.

3. Plaintiff alleges that these calls violated the TCPA as "PAS does not have an internal do-not-call policy" and thus the agents of "PAS are clearly not trained regarding the existence and use of an internal do-not-call list." Compl. ¶¶ 12-13.

4. Plaintiff further alleges that he "received multiple automated phone calls to the Plaintiff's phone which were not related to any emergency purpose and without [his] consent." Compl. ¶ 8.

5. Plantiff alleges that "he was being called by an automated telephone dialing system." Compl.¶ 9.

6. Plaintiff alleges that Defendant Shaftel "is well aware of multiple consumer complaints through the Better Business Bureau and directly to the company as they maintain a web page devoted to acknowledging the fact that they are getting a multitude of consumer complaints about robocalls from them."[1] Compl. ¶ 26.

7. Plaintiff further alleges that "Michael Shaftel in his role as an executive/officer of Defendant Palmer has personally authorized the use of an automated telephone dialing system as part of his business practices. Defendant Michael [sic] was personally involved in all decisions

---

[1] Defendants note that Plaintiff's reference to what is stated on the website, http://www.dealerservices.info/notice.php, is misleading at best. This notice clearly alerts consumers to a scam involving a third party posing as Liberty Automotive Protection and using "voice broadcasting" – not that Liberty Automotive Protection is receiving complaints as a result of its own operations and marketing practices.

4

to use automated telephone dialing systems and he formulated the strategy whcih [sic] attempts to skirt the law by screening the phone numbers for only residential numbers, where he believed the automated calls would be legal. Defendant Michael [sic] set up the business strategy to capitalize on the use of automated telephone dialing systems and is well aware of numerous consumer complaints regarding the use of automated telephone dialing systems by or on behalf of his company, but continues to place these illegal calls." Compl. ¶ 30.

8. Plaintiff seeks $3,000 per call, prejudgment interest from the date of the phone calls, punitive damages in the amount of $15,000, attorneys' fees and costs. Compl. ¶¶ 33- 35.

## ARGUMENT

### I. STANDARD OF REVIEW

Rule 8(a)(2) of the Federal Rules of Civil Procedure requires that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief." A pleading that offers merely "labels and conclusions," a "formulaic recitation of the elements of a cause of action," or "naked assertions devoid of further factual enhancement" does not meet the requirements of the Rule. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-57 (2007)) (internal quotation marks omitted).

To survive a motion to dismiss, a complaint must contain sufficient facts, taken as true, to "state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570) (internal quotation marks omitted). A claim has facial plausibility when the pleaded factual content allows "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). Furthermore, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements," are insufficient to withstand a motion to dismiss. *Iqbal*, 556 U.S. at 678.

In sum, "[t]he factual allegations, assumed to be true, must do more than create speculation or suspicion of a legally cognizable cause of action; they must show *entitlement* to relief." *League of United Latin Am. Citizens v. Bredesen*, 500 F.3d 523, 527 (6th Cir. 2007) (citing *Twombly*, 550 U.S. at 555) (emphasis in original).

## II. THE SECOND AMENDED COMPLAINT DOES NOT ALLEGE FACTS SUFFICIENT TO ESTABLISH PERSONAL LIABILITY ON THE PART OF MICHAEL SHAFTEL

Although there appears to be disagreement among the district courts as to whether entities' officers may be held personally liable under the TCPA, it is abundantly clear that the Fourth-Filed SAC's conclusory and generalized "allegations" in support of Shaftel's liability are wholly insufficient to state a claim for which relief may be granted.

In *Brennan v. National Action Financial Services*, the court noted the unsettled legal landscape surrounding personal liability of entities' officers under the TCPA.[2] Case No. 12-cv-10551, 2012 U.S. Dist. LEXIS 127397, at *5-6 (E.D. Mich. Sept. 7, 2012) (comparing *Texas v. Am. Blastfax, Inc.*, 164 F. Supp. 2d 892, 898 (W.D. Tex. 2001) ("[A]n officer may be personally liable under the TCPA if he had direct, personal participation in or personally authorized the conduct found to have violated the statute, and was not merely tangentially involved.") with *Hammann v. 1-800 Ideas.com, Inc.*, 455 F. Supp. 2d 942, 960-61 (D. Minn. 2006) ("The Court finds that the context of the common carrier regulations provided for in 47 U.S.C. § 201-217 does not support Plaintiff's interpretation of a 'person' which would extend liability beyond an individual 'engaged as a common carrier for hire' and impose liability on the employees and/or officers of such common carriers who have only engaged in such conduct through and for a corporation."). Despite this divergent understanding of personal liability among the district

---

[2] Counsel for Defendants are unaware of any Middle District of Tennessee or Sixth Circuit opinions addressing the issue.

6

courts, it is clear that if the TCPA does in fact provide for personal liability of officers, they must have had *at least* "direct, personal participation in or personally authorized the [unlawful] conduct." *Am. Blastfax, Inc.*, 164 F. Supp. 2d at 898.

The Fourth-Filed SAC fails to state any facts whatsoever demonstrating that Shaftel's involvement rose to such a level. Indeed, this Court has previously addressed this very issue with Plaintiff Cunningham:

> Finally, although the plaintiff seeks to add five unknown corporate officers of Kondaur to this action based upon a theory that they are personally liable for TCPA violations, the proposed amended complaint does not contain a single factual allegation that supports such claims. While individual liability under the TCPA has been recognized as a theory of recovery in certain factual situations, *merely asserting that unknown corporate officers might possibly be held personally liable under the TCPA for unknown acts that may or may not have occurred is woefully insufficient* to support plausible claims that would survive a motion to dismiss brought under Rule 12(b)(6).

*Cunningham v. Kondaur Capital*, No. 3:14-1574, 2014 U.S. Dist. LEXIS 183095, at *21 (M.D. Tenn. Nov. 19, 2014 (citing *Iqbal*, 556 U.S. at 678-79; *Twombly*, 550 U.S. at 556-57; *League of United Latin Am. Citizens*, 500 F.3d at 527) (emphasis in original). Despite this recent admonishment, the Fourth-Filed SAC nonetheless merely speculates that "Defendant officer of the company is well aware of multiple consumer complaints through the Better Business Bureau and directly to the company as they maintain a web page devoted to acknowledging the fact that they are getting a multitude of consumer complaints about robocalls from them." Compl. ¶ 26. This is hardly the specificity required to state a cause of action. Incredibly, and without substantiation or personal knowledge of the claims he makes, Plaintiff also states:

> Michael Shaftel in his role as an executive/officer of Defendant Palmer has personally authorized the use of an automated telephone dialing system as part of his business practices. Defendant Michael [sic] was personally involved in all decisions to use automated telephone dialing systems and he formulated the strategy which [sic] attempts to skirt the law by screening the

7

> phone numbers for only residential numbers, where he believed the automated calls would be legal. Defendant Michael [sic] set up the business strategy to capitalize on the use of automated telephone dialing systems and is well aware of numerous consumer complaints regarding the use of automated telephone dialing systems by or on behalf of his company, but continues to place these illegal calls.

Compl. ¶ 30. Plaintiff fails to plead any factual basis for such speculative and conclusory allegations regarding Michael Shaftel's personal involvement in the operations of PAS. Such speculations fail to meet the plausibility standard required under *Iqbal* and *Twombly*. "If the complaint pleads conduct which is only consistent with the Defendant's liability, it fails to state a plausible claim for relief." *Leyse v. Clear Channel Broad., Inc.*, Case No. 1:09-CV-237, 2010 U.S. Dist. LEXIS 54103, at *5 (S.D. Ohio June 2, 2010) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009)); *see also League of United Latin Am. Citizens v. Bredesen*, 500 F.3d 523, 527 (6th Cir. 2007) ("The factual allegations, assumed to be true, must do more than create speculation or suspicion of a legally cognizable cause of action; they must show *entitlement* to relief." (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)) (emphasis in original). Moreover, in no way does such speculation demonstrate that Shaftel was directly involved with or personally authorized the telephone calls at issue. *See Am. Blastfax, Inc.*, 164 F. Supp. 2d at 898.

Accordingly, the Fourth-Filed SAC should be dismissed in its entirety with prejudice as to Shaftel.

### III. ADDITIONALLY, PLAINTIFF'S DEMAND FOR PUNITIVE DAMAGES AND ATTORNEYS' FEES MUST BE STRICKEN

Plaintiff's demand for punitive damages and attorneys' fees should be stricken pursuant to Rule 12(f) of the Federal Rules of Civil Procedure, which state that a court may strike from a complaint any "redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f).

8

In the case at bar, Plaintiff seeks punitive damages from Defendants "in the amount of $15,000." Compl. at p. 10. However, the TCPA "does not allow for punitive damages." *Schreck v. NCO Fin. Sys., Inc.*, Civil Action No. 1:14-CV-432-CAP-JCF, 2014 U.S. Dist. LEXIS 181648, at *7 (N.D. Ga. Aug. 15, 2014); *see, e.g.*, *Cunningham v. Addiction Intervention*, Case No. 3:14-0770, 2015 U.S. Dist. LEXIS 13201, at *6-8 (M.D. Tenn. Feb. 4, 2015) (recommending the denial of Plaintiff Cunningham's request for punitive damages because Plaintiff Cunningham "provided no authority for the proposition that punitive damages are appropriate in a TCPA case"); *Smith v. MarkOne Fin., LLC*, Case No. 3:13-cv-933-J-32MCR, 2015 U.S. Dist. LEXIS 11803, at *10 (M.D. Fla. Feb 2, 2015) ("At oral argument, [plaintiff]… conceded that the TCPA does not provide for punitive damages."). Rather, under the TCPA, a plaintiff is only entitled to actual or statutory damages, along with the possibility of recovering treble damages. *See* 47 U.S.C. § 227(b)(3); *Schreck*, 2014 U.S. Dist. LEXIS 181648 at *4. Accordingly, Plaintiff's demand for punitive damages must be stricken.

Plaintiff also seeks attorneys' fees. Compl. at p. 10. However, like punitive damages, "the TCPA does not authorize an award of attorney fees or expenses." *Compressor Eng'g Corp. v. Mfrs. Fin. Corp.*, Case No. 09-1444, 2014 U.S. Dist. LEXIS 94965, at *8 (E.D. Mich. July 14, 2014) (citing 47 U.S.C. § 227(b)(3); *Smith v. Microsoft Corp.*, 297 F.R.D. 464, 469 (S.D. Cal. 2014)); *see, e.g.*, *Smith v. MarkOne Fin., LLC*, 2015 U.S. Dist. LEXIS 11803 at *10 ("[Plaintiff] conceded in her response that she is not entitled to attorneys' fees on the TCPA claim."). Accordingly, Plaintiff's demand for attorneys' fees must be stricken.

IV. **CONCLUSION**

WHEREFORE, Defendants, by counsel, respectfully request that this Court (i) enter

an Order dismissing Defendant Shaftel from this action, (ii) strike Plaintiff's prayer for punitive damages and attorneys' fees, (iii) award Defendants their reasonable attorneys' fees and costs in responding to the Fourth-Filed SAC,[3] and (iv) for such further relief as the Court deems necessary and just.

Dated: February 19, 2016

Respectfully submitted,

PALMER ADMINISTRATIVE SERVICES, INC.
AND MICHAEL SHAFTEL

By Counsel

/s/ J. Cole Dowsley, Jr.
J. Cole Dowsley, Jr. (#24400)
Alex S. Fisher (#31391)
THOMPSON BURTON PLLC
One Franklin Park
6100 Tower Circle, Suite 200
Franklin, Tennessee 37067
(615) 465-6006
cole@thompsonburton.com
alex@thompsonburton.com

and

Karen A. Doner (admitted *pro hac vice*)
(Va. Bar No. 40999)
Roth Doner Jackson, PLC
8200 Greensboro Dr., Suite 820
McLean, VA 22102
(703) 485-3535 (office)
(703) 485-3525 (fax)
kdoner@rothdonerjackson.com

*Attorneys for Defendants*

---

[3] Defendants intend to file a separate motion for sanctions, including reimbursement of reasonable attorneys' fees if this Motion is granted.

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that the foregoing was electronically filed this 19th day of February, 2016 via the court's ECF system. Notice of this filing will be sent to all parties and counsel of record indicated on the electronic filing receipt. A true and correct copy of the foregoing has been served upon the following via U.S. mail, postage-paid, on this 19th day of February, 2016:

> Craig Cunningham
> 5543 Edmondson Pike
> Suite 248
> Nashville, TN 37211
>
> *Pro Se* Plaintiff

/s/ J. Cole Dowsley, Jr.
J. Cole Dowsley, Jr.